Is the case people of the state of Illinois versus Michael Farley. We have Mr Larry Wells for the appellant and we have this kelly spacey for the athlete. You may proceed when you're prepared to Mr Wells. Thank you. Mr Farley was convicted of three counts of predatory sexual assault. He raised several issues concerning any point raised here today. State had a week complaining. This was a child who did not remember the events that gave rise to charges. The witness testified that she could not recall the events. The only reason she remembers anything was because she watched the recording and the case issued with this, but we copied out a portion of the transcript in the reply brief. And what's more, if you look at page 606 of the transcripts, you'll see that the prosecutor admitted that in closing argument. So this witness had one of the main condition of a witness that is fabricated. Because a person who actually goes through an experience is going to remember. And a person who is making up something, did go through the experience, doesn't have anything to remember. They're not what happened. And that is the situation of the state's witness. This is a witness who was weak from the beginning and the state knew it. Then you have the fact that this witness is so suggestive because this witness told the police officers that she engaged in sexual intercourse with the defendant. She said that she watched pornography. She knew what that was. She called the company. She said that they think the defendant was naked. She was naked. The defendant was on top of her and they had sex. And this happened more than once, regularly. Now this is not very good evidence for the state. They don't like that kind of evidence because with a child of 10 or years, there can be a medical examination that's inconvenient to the state's theory of the case. And the police officer encouraged the witness to believe that there was, to say that there was other kinds of sexual activity. Now the witness said that she couldn't remember any other sexual activity. But with encouragement from the police officer, she said she remembered oral sex. Now that's a lot easier for the state to prove. There's no inconvenient medical examination for something like that. The child's also shown to be suggestible because she says that she didn't remember any of it coming out of the defendant's penis and she was encouraged to believe it, to say that it was, and she finally said the defendant had suggested it. She's also shown to be suggestible because the state, the police officer wants this to not be an isolated event, but it happened more often. So she testifies it happens monthly, or she says in her statement it happens monthly, it happens weekly. Finally she says it happens every day. Now even the police officer realized that this wasn't going to work. No one's going to believe that there was child molestation every single day. And so she suggested to the witness that the witness would withdraw that. And the witness did. So the record shows that the witness was subject to suggestion, said it happened all the way up to every day, and when she suggested that she should withdraw that, she withdrew. So you have a witness that's intrinsically shown to be suggestible and the state knew that. And how did they deal with that? They dealt with it with due process violations. They had every single witness that they could testify that in their opinion this witness was a truthful witness and this witness was telling the truth. Over and over throughout the case. Now one witness is incompetent to give an opinion on the veracity of another witness who's testifying in the case. There's no case law that says that you can do that. There's no rule of law that says that that could happen. The state cites the 115-10 rule on hearsay exceptions for children, but that doesn't provide any support for their claim that opinion evidence is admissible. On the contrary, it says it has to be confined to the statements of the witness, not the secondary witness' opinion about that hearsay statement. The other thing the state did to get over this was to focus on other crimes. They had an ex-wife, the mother of the complainant's witness, testify the defendant raped her over and over, raped her over and over again. And she was subjected to mental cruelty and mental abuse. Now the defendant is on trial for a written document. Our system of information, a written indictment, and the defendant was held to answer to the foreclosure statement. Other crimes evidence is presumptively reversible error. That's the normal course of events. Here these are serious offenses, class X felonies, multiple class X felonies. This trial was unfair because the defendant was subjected to procedures that we don't recognize. We don't have witnesses testify about other crimes evidence admitted. And that's what happened here. And because this defendant testified in his own defense and denied all wrongdoing, no error should be permitted to intervene in the determination of the court. And because of that, these due process violations denied him a fair trial. We ask this court to find that the trial is fundamentally unfair, reverses convictions, and rename this case for a new trial. Thank you, Mr. Welch. You'll have the opportunity to rebut Stacey. Your Honor's counsel may please the court. My name is Kelly Stacy appearing on behalf of the state. The defendant mischaracterizes the allegations in this case. He is attached a copy of the information to his brief and not a single charge in this case involves penile penetration. In his reply brief, the defendant claims that his wife did not delay in reporting suspicions of sexual impropriety between himself and R.Y., the young girl in the case, and that the state failed to show the limited purpose for the He claims this is just like the case of People v. Jackson, where evidence of a polygraph test was improperly allowed to be brought in on direct examination of a witness. The record in this case shows Dawn, another, did delay in reporting her suspicions. She testified that R.Y. told her that the defendant was making her suck his toes. R.Y. had a really bad case of chapped lips. Apparently it wasn't getting any better, so the mom started asking him, why do you have this chapped lips that apparently don't seem to be getting better? Dawn testified she was afraid of the defendant. She testified that he raped her while she slept. She did not confront the defendant about why he was making R.Y. suck on his toes. And the toe sucking occurred before Dawn and the kids moved out of the defendant's house. She was aware of it before they moved out, she did not report it, and she did not investigate it further. In People v. Haines, it's an Illinois Supreme Court case, the defendant claimed he was denied a fair trial by the introduction of irrelevant and inflammatory evidence of other crimes he committed. The Illinois Supreme Court found that the defendant weighed any contention of error in the admission of the evidence of other crimes because he cannot sit idly by and allow irregular proceedings to occur without objection and afterwards seek to revert the situation by reason of those same irregularities. In People v. Hall, the defendant was on trial for murder and the prosecutor elicited on direct examination of his wife that the defendant abused her while she was pregnant with his child. She testified that the defendant abused her. By the time I got home, I had a fat lip, big old bump on my head, I had a concussion. He stepped on my face, threw things at me, and she also testified that the defendant threw a footstool into the wall, that he choked her and threatened her, and that she was scared to death. In Hall, the state offered no ground for the admissibility of testimony of the defendant's abuse of his wife. The Supreme Court also filed an argument for the admissibility of the testimony that the asserted error is not of such magnitude as to have denied the defendant a fair trial. The state does not concede that this was erroneous admission of other crimes evidence because the state had a purpose for bringing this evidence in, which was to explain why Dawn did not investigate further and did not report her suspicions of sexual impropriety. Without this evidence, in the case, the verdict likely would not have changed the bill. In Hall, the court found the defendant did not object at trial to the testimony regarding spousal abuse. The defendant did not raise the issue in his post-trial motion. Accordingly, any error is waived. In the Jackson case cited by the defendant, defense counsel objected to the polygraph evidence. Here, there was not a single objection to any of the evidence that the defendant now claims constitutes a plain error. Further, polygraph evidence is never permitted during the state's direct examination. It is only admissible in rebuttal evidence to counter claims by a defendant that his confession was forced. That is not the case here. R. Y. testified at trial about the sexual assaults. Her trial testimony is found at today that R. Y. only remembered the sexual assaults by watching her videotaped interview from four years earlier. Four years earlier, when she was nine to ten years old, when this defendant was sexually assaulting her. The record completely rebuts this argument. R. Y. testified she remembered two incidents where the defendant forced her to have oral sex with him. She described these incidents in detail at trial. The prosecutor then asked her, do you remember any other incidents? She said she could not recall because they happened four or five years before the trial. The way the case is being presented simply does not match up with the facts of the case. The videotape of R. Y.'s interview at the trial, the videotape discloses that she was sexually assaulted numerous times. The Illinois Supreme Court has noted, especially with regard to videotaped evidence, the probative value of corroborating complaints in these cases, especially in videotaped form, has been widely recognized. Children may be subjected to memory loss and often prolonged period between the child's account of abuse at the earliest opportunity preserves the account while it is still fresh in the child's memory. In addition, it allows for the examination of the conditions prevalent at the time of the child's initial complaint. Both the victim's testimony at trial and the videotape constitute substantive evidence leading towards a conviction hearing. The defendant next claims that the three other witnesses who corroborated R. Y.'s numerous complaints of sexual assault improperly bolstered her testimony by offering improper opinion testimony. He ignores that among the factors in the reliability of the determination are the child's spontaneity and consistent repetition of the incident, the child's mental state, use of terminology unexpected of a child of similar age, and the lack of motive to fabricate. This court has held that testimony describing a victim's demeanor and state of mind is not hearsay. Even if there would have been improper opinion testimony admitted at trial, the defendant did not object to any of it. He did not include the issue in his post-trial motion. He has forfeited the issue. The Illinois Supreme Court has held the claim does not implicate a substantial crime. In this case, there was no medical examination performed. The reason why is no penile penetration was alleged. The type of sexual contact that was alleged by R. Y. could not have been proven by a medical exam. Furthermore, the state isn't required to conduct a medical exam to prove its case. The defendant argues this case comes down to the credibility of himself and R. Y. The trial court was entitled to its determination that R. Y. was more credible. In this case, the defendant admitted to three incidents of inappropriate sexual contact between himself and R. Y. He disingenuously claims that R. Y. was the aggressor. This little nine-year-old was the aggressor and he just couldn't seem to be able to tell her no. All of the defendant's claims are forfeited because he failed to object and failed to raise him in his post-trial motion. Plain error did not occur at his trial. Nothing he has raised on appeal shows that the result of the proceeding would have been any different had the alleged improper evidence not been admitted. The defendant cannot contest the improper admission of evidence when by acquiescing rather than objecting to the admission of allegedly improper evidence, the defendant deprived the state of the opportunity to cure the alleged evil. People respectfully request this court to confirm the conviction. Thank you. Thank you, Ms. Stacy. Do we have rebuttal, Mr. Wells? First, I think we can clear up this matter of whether the complaint by looking directly at the record. We would point to RC 464 and 465. The prosecutor says after that incident, were there any other incidents you can tell the investigators about? Could you tell them about the other incidents? Answer, yeah, I don't know. Question, you don't remember them. How come? Answer, it's been a long time ago. Question, this was 2005 or 2004 when they happened, correct? Answer, yeah. Question, that's been four or five years ago. Answer, yes. Question, okay, but you remember these two specifically. And how do you remember these two specifically? Answer, before I came here, I watched a movie. That's what the evidence is. She remembers because she watched a movie. The movie she's talking about. It's undisputed. That's the recording of her statement to the police. Is there something wrong with him showing that to her? No, nothing at all. But when she's asked how she remembers it, she doesn't say because I went through it. She couldn't remember any of it except that she watched the movie. That's what she testified to. That's what the evidence is. And then I'm not sure I understand the State's point about penetration. The charging instrument is attached to the back, and it says that the defendant, quote, committed an act of sexual penetration. That's what it says. And it is oral sex. Of course, that's the allegation. But it's still penetration. I'm not sure what point the State's trying to make here. But there was no vaginal penetration that was alleged. The State selectively chose from the complainant witness' complaint to go forward with the oral sex complaint rather than the vaginal. And then finally, religion and objective assistance of counsel for counsel's failure to object to these abuses. So these issues cannot be weighed in effective assistance of counsel's counsel. Unless there is... Thank you, Mr. Wells. Thank you, Ms. Stacy, for your arguments and briefs. We'll take them under advisement.